[No. 5393.]
# ANDREW B. McCREERY et al. v. CHARLES P. DUANE et al.

CONVEYANCE BY A TRUSTEE TO THE BENEFICIARY. — If a city holds the title to land in trust to be conveyed to persons who were, on a certain day, in the *bona fide* possession of the same, and executes a deed of a portion thereof, with a recitation therein that the grantee is one of the beneficiaries, in ejectment brought by the grantee against one in possession, but who does not claim to be a beneficiary, the defendant cannot raise the question that the plaintiff was not a beneficiary. The deed is conclusive as against him on that question.

RECITALS IN A DEED.—A recital, in a deed given by a trustee, of facts showing that the grantee is one of the beneficiaries to whom the trustee, by the terms of the trust, was required to convey, are *prima facie* evidence of such facts, in ejectment by the grantee against one not claiming to be a beneficiary under the trust.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Ejectment to recover Block 592, in the Western Addition to the City and County of San Francisco. The demanded premises were a part of the Pueblo lands which the city held in trust to convey to the persons who were in the *bona fide* possession of the same on the 8th day of March, 1866. The plaintiff offered to read in evidence a deed from the City of San Francisco to himself, dated April 22nd, 1870, in which facts were recited showing that he was a beneficiary under the act, but did not offer to prove, *dehors* the deed, the truth of the recitals in the same. The defendant objected to the deed because evidence, *dehors* the deed, had not been introduced showing the truth of the recitals. The Court overruled the objection. The plaintiff had judgment, and the defendant John Duane appealed. The other facts are stated in the opinion.

*John Duane*, in pro per.

*Wilson & Wilson* and *S. M. Wilson*, for the Respondents.

By the COURT:

1. The objections to the introduction in evidence of the deed from the city to McCreery were properly overruled. (*McCreery v. Sawyer, ante,* p. 257.)

2. The only other point relied on by the appellant arises upon the following portion of the bill of exceptions: " And the defendant John Duane then offered to prove that neither the plaintiff nor his grantor was in the *bona fide* possession of the said land on the 8th day of March, 1866, nor any one for them, which evidence was offered for the purpose of attacking said deed from the city; but said defendant did not propose or offer to prove in connection with said offer that he, said Duane, had complied with the terms and conditions of said ordinances or acts of the Legislature; but the evidence so offered was excluded by the Court."

Upon the views just announced in *McCreery v. Sawyer, supra,* this ruling was correct.

Judgment and order affirmed. Remittitur forthwith.